United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lego A/S and Lego Systems, Inc., Plaintiffs, <br><br> v. <br><br> Best-Lock Construction Toys, Inc., et al., Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No. 22-20582-mc-Scola |

### Order Denying Motion for Civil Contempt

This matter is before the Court on the Plaintiffs Lego A/S and Lego Systems, Inc.'s (the "Lego Group") motion for a contempt order as to the Defendant Best-Lock Construction Toys, Inc. ("Best Lock"). (ECF No. 17.) Best-Lock has not responded to the Lego Group's motion, and the time to do so has passed. After careful consideration of the Lego Group's arguments, the relevant legal authorities, and the record, the Court **denies** the motion, **with leave to renew**, if appropriate. (**Mot., ECF No. 17**.)

On November 8, 2021, the United States District Court for the District of Connecticut entered a final judgment holding the Defendants Best-Lock Construction Toys, Inc. and Best-Lock Limited, Hong Kong (collectively, the "Defendants") jointly and several liable to the Lego Group in the amount of $1,122,972.29, plus post judgment interest ("Final Judgment"). (ECF No. 1.) Pursuant to 28 U.S.C § 1963, the Lego Group registered the Final Judgment with this Court on February 25, 2023. (*Id.*) As part of the Lego Group's efforts to collect on the judgment, on December 13, 2022, they filed a motion requesting entry of an order directing the Defendants to complete the attached Form 1.977 Fact Information Sheet ("Fact Information Sheet"). (ECF No. 12.) On December 14, 2022, this Court granted the Lego Group's motion, and ordered each of the Defendants to "complete, under oath, Form 1.977 and return the completed form to Plaintiffs' counsel within 45 days of receipt." (ECF No. 13.)

On June 15, 2023, with no response from the Defendants, the Lego Group filed a motion to compel the Defendants' response to the Fact Information Sheet. (ECF No. 14.) Specifically, the Lego Group explained that, as of January 30, 2023, it had served a copy of the Court's December 14, 2022, order, and the Fact Information Sheet via UPS on the Defendant Best-Lock at three different mailing addresses. (*Id.* ¶¶ 5–6.) Even though Best-Lock's responses to the Fact Information Sheet were due no later than March 16,

2023, Best-Lock failed to submit any kind of response. (*Id.* ¶ 7.) Accordingly, on June 30, 2023, the Court entered an order granting the Lego Group's motion to compel and requiring Best-Lock to provide complete responses, under oath, to the Lego Group's Form 1.977 Fact Information Sheet within 15 days. (ECF No. 16.) The June 30, 2023, order also specified that Best-Lock's "continued failure to comply with this Court's Orders may result in a contempt finding and the imposition of sanctions, including a coercive daily fine, a compensatory fine, an award of attorney's fees and costs, or other available sanctions." (*Id.* ¶ 4.)

The Lego Group once again employed several methods to serve the Court's June 30, 2023, order and Fact Information Sheet on Best-Lock. (ECF No. 17.) However, Best-Lock once again failed to serve any responses to the Fact Information Sheet or to otherwise respond to the Court's orders. (*Id.* ¶ 9.) In response to Best-Lock's absolute silence, the Lego-Group filed the motion for civil contempt that is the subject of the instant order. The Lego-Group requests that the Court enter a contempt order requiring Best-Lock to immediately complete, under oath, the Fact Information sheet; imposing whatever sanctions may be necessary to compel Best-Lock to complete the Fact Information Sheet; and awarding the Lego Group its attorneys' fees incurred in connection with bringing the motion. (*Id.* at 4.)

"Courts have the inherent power to enforce compliance with their orders through civil contempt." *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1255 (11th Cir. 2020) (citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966)). To establish civil contempt, the Lego-Group must show, by clear and convincing evidence, that (1) the order at issue was valid and lawful, (2) the order was "clear and unambiguous," and (3) the alleged violator had the ability to comply with the order but did not do so. *Peery v. City of Miami*, 977 F.3d 1061, 1076-77 (11th Cir. 2020). A court may make a finding of civil contempt without an evidentiary hearing where there are no disputed material facts. *See Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990) ("[W]hen there are no disputed factual matters that require an evidentiary hearing, the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning him."); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding Corp.*, 140 F. App'x 860, 865 (11th Cir. 2005).

In addition, as the order that Best-Lock purportedly disobeyed is in connection with a judgment, Federal Rule of Civil Procedure 70(e) provides that when a party disobeys a lawful order, a district court may "hold the disobedient party in contempt." Fed. R. Civ. P. 70(e); *see also TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015) (Moore, J.) (cleaned up).

Here, the Court is unable to grant the Lego-Group's motion because it has not shown by clear and convincing evidence that Best-Lock received notice of the Court's orders and, as such, that it had the ability to comply with them. The Lego Group contends that it has conclusively demonstrated that Best-Lock received copies of the Court's orders at multiple different email and mailing addresses. However, a detailed review of the proofs submitted by the Lego Group presents a much murkier picture.

Focusing on the June 30, 2023, order, the Lego Group purportedly served the order on Best-Lock via email at two different addresses and via UPS at two different locations. Specifically, the Lego Group emailed the order and sent it via UPS to Stewart Merkin, as the purported registered agent for Best-Lock per the Florida Department of State website. But even though the Lego Group acknowledges in footnotes that the corporate status for Best-Lock appears as inactive on the same website, it makes no effort to address why service on Merkin should be considered sufficient to provide notice. (*See* ECF No. 17 n. 1, 4.)  As just one example, it is unclear to the Court, from the materials presented, whether the registered agent information for Best-Lock is even up to date, given Best-Lock's inactive status. The Lego Group also states that it emailed the order to an individual named Jan Patrick Becker, but similarly qualifies this effort by noting in another footnote that Geller previously indicated that he is not affiliated with the Defendants. (*Id.* n. 2.) Finally, the Lego Group states that it sent the order via UPS to Best-Lock at the address identified as the address for the company on the Better Business Bureau website, but, again, qualifies this by stating that the website was last visited by its counsel in January 2023, leaving the Court doubtful as to whether the business address used is current.

Moreover, the proofs submitted as evidence of the foregoing efforts to serve Best-Lock are unsatisfactory because they do not clearly show that the items were received and/or signed for by any person. The UPS confirmations of delivery, for instance, indicate that the materials were dropped off at a mailbox or left at a front door. (*See* ECF Nos. 17-2, 17-3.) In cases such as these, however, where a party is requesting a finding of contempt, it is better practice to deliver documents through a service that provides tracking *and* requires a signature or other proof of receipt, such as certified mail, with return receipt requested. Similarly, the proof of service via email just shows that a message was sent to the email addresses indicated but does not assure the Court that the email addresses are valid and functioning, as might be the case, for example, if counsel submitted an affidavit detailing its efforts to effect service and explaining that it never received a failed delivery notification for the emails. (*See* ECF No. 17-1.)

For the foregoing reasons, the Court cannot conclude on this record that the Lego Group has met its burden of demonstrating that Best-Lock received copies of this Court's orders and thus had the ability to comply with them. As such, the Court **denies** the Lego Group's motion for a contempt order as to the Defendant Best-Lock. (**Mot., ECF No. 17**.) This denial is **without prejudice** to the Lego Group **renewing** its motion once it is able to properly document its efforts at serving Best-Lock with the materials at issue. Among other things, this would necessitate an explanation of why service at particular email or physical addresses should be considered sufficient, under the applicable law and facts, to provide notice to Best-Lock.

**Done and ordered** in Miami, Florida, on October 18, 2023.

Robert N. Scola, Jr.
United States District Judge