United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lego A/S and Lego Systems, Inc., Plaintiffs, <br><br> v. <br><br> Best-Lock Construction Toys, Inc., et al., Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 22-20582-mc-Scola <br> ) <br> ) <br> ) <br> ) |

### Order Granting Motion for Civil Contempt

This matter is before the Court on the Plaintiffs Lego A/S and Lego Systems, Inc.'s (the "Lego Group") renewed motion for a contempt order as to the Defendant Best-Lock Construction Toys, Inc. ("Best Lock"). (ECF No. 19.) Best-Lock has not responded to the Lego Group's motion, and the time to do so has passed. After careful consideration of the Lego Group's arguments, the relevant legal authorities, and the record, the Court **grants** the motion. (**Mot., ECF No. 19**.)

1. **Background**

On November 8, 2021, the United States District Court for the District of Connecticut entered a final judgment holding the Defendants Best-Lock Construction Toys, Inc. and Best-Lock Limited, Hong Kong (collectively, the "Defendants") jointly and several liable to the Lego Group in the amount of $1,122,972.29, plus post judgment interest ("Final Judgment"). (ECF No. 1.) Pursuant to 28 U.S.C § 1963, the Lego Group registered the Final Judgment with this Court on February 25, 2023. (*Id.*) As part of the Lego Group's efforts to collect on the judgment, on December 13, 2022, they filed a motion requesting entry of an order directing the Defendants to complete the Form 1.977 Fact Information Sheet ("Fact Information Sheet"). (ECF No. 12.) On December 14, 2022, this Court granted the Lego Group's motion, and ordered each of the Defendants to "complete, under oath, Form 1.977 and return the completed form to Plaintiffs' counsel within 45 days of receipt." (ECF No. 13.)

On June 15, 2023, with no response from the Defendants, the Lego Group filed a motion to compel the Defendants' response to the Fact Information Sheet. (ECF No. 14.) Specifically, the Lego Group explained that, as of January 30, 2023, it had served a copy of the Court's December 14, 2022, order, and the Fact Information Sheet via UPS on the Defendant Best-Lock at three different mailing addresses. (*Id.* ¶¶ 5–6.) Even though Best-Lock's

responses to the Fact Information Sheet were due no later than March 16, 2023, Best-Lock failed to submit any kind of response. (*Id.* ¶ 7.) Accordingly, on June 30, 2023, the Court entered an order granting the Lego Group's motion to compel and requiring Best-Lock to provide complete responses, under oath, to the Lego Group's Fact Information Sheet within 15 days. (ECF No. 16.) The June 30, 2023, order also specified that Best-Lock's "continued failure to comply with this Court's Orders may result in a contempt finding and the imposition of sanctions, including a coercive daily fine, a compensatory fine, an award of attorney's fees and costs, or other available sanctions." (*Id.* ¶ 4.)

The Lego Group once again employed several methods to serve the Court's June 30, 2023, order and Fact Information Sheet on Best-Lock. (ECF No. 17.) However, Best-Lock once again failed to serve any responses to the Fact Information Sheet or to otherwise respond to the Court's orders. (*Id.* ¶ 9.) The Lego Group filed a motion for civil contempt, requesting the Court enter a contempt order requiring Best-Lock to immediately complete, under oath, the Fact Information sheet; imposing whatever sanctions may be necessary to compel Best-Lock to complete the Fact Information Sheet; and awarding the Lego Group its attorneys' fees incurred in connection with bringing the motion. (*Id.* at 4.) The Court denied the Lego Group's motion, with leave to renew, on the basis that they had not shown by clear and convincing evidence that Best-Lock received notice of the Court's orders and, as such, that it had the ability to comply with them. (ECF No. 18.) Specifically, the Court found the Lego Group's mailed proofs did "not clearly show that the items were received and/or signed for by any person," and the emailed proofs do "not assure the Court that the email addresses are valid and functioning, as might be the case, for example, if counsel submitted an affidavit detailing its efforts to effect service and explaining that it never received a failed delivery notification for the emails." (*Id.* at 3.) Further, the Court directed the Lego Group to provide justification for why service on Stewart Merkin should be considered sufficient to provide notice to Best-Lock. (*Id.*) The Lego Group renewed its motion for contempt against Best-Lock and provided additional support that Best-Lock received notice of the Court's orders, including support for providing notice to Merkin (ECF Nos. 19-1, 19-2, 19-4), support for Merkin's email address (ECF No. 19-3), and an affidavit from Legal Assistant Lori Miller stating that the emails to Merkin did not bounce back or otherwise produce error messages. (ECF No. 19-5.) The Lego Group requested the Court enter an order:

> finding Best-Lock in contempt; requiring Best-Lock to immediately complete, under oath, the Fact Information Sheet; imposing whatever sanctions may be necessary, including the use

>of its coercive contempt powers, to compel Best-Lock to complete the Fact Information Sheet; awarding Plaintiffs their attorneys' fees incurred in connection with bringing this Motion; and awarding Plaintiffs such other and further relief as this Court deems just and proper.

(ECF No. 19 at 10.)

### 2. Legal Standard

"Courts have the inherent power to enforce compliance with their orders through civil contempt." *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1255 (11th Cir. 2020) (citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966)). To establish civil contempt, the Lego-Group must show, by clear and convincing evidence, that (1) the order at issue was valid and lawful, (2) the order was "clear and unambiguous," and (3) the alleged violator had the ability to comply with the order but did not do so. *Peery v. City of Miami*, 977 F.3d 1061, 1076-77 (11th Cir. 2020). A court may make a finding of civil contempt without an evidentiary hearing where there are no disputed material facts. *See Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990) ("[W]hen there are no disputed factual matters that require an evidentiary hearing, the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning him."); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding Corp.*, 140 F. App'x 860, 865 (11th Cir. 2005).

### 3. Analysis

Because the Court's order to complete the Lego Group's Fact Information Sheet was both valid and lawful, and clear and unambiguous, the only unresolved issue is whether the Plaintiffs have now shown by clear and convincing evidence that Best-Lock received notice of the Court's orders (ECF No. 13, 16) and had the ability to comply with them.

With respect to the mailed proof, the Plaintiffs failed to cure the defects previously identified by the Court. Specifically, the Plaintiffs failed to "deliver documents through a service that provides tracking *and* requires a signature or other proof of receipt, such as certified mail, with return receipt requested." (*See* ECF No. 18.)

However, the Plaintiffs have sufficiently provided notice to Best Lock via email. First, the Plaintiffs attached exhibits identifying Stewart Merkin as the most recent registered agent for Best Lock and Torsten Geller as its Vice President. (ECF Nos. 19-1, 19-2, 19-4.) Additionally, the Plaintiffs attached

Merkin's Florida Bar member profile identifying merkmia@aol.com as his registered email address. (ECF No. 19-3.)

As directed, the Plaintiffs provided evidence supporting proof of notice via email. Specifically, the Plaintiffs complied with the Court's directive to show that the email addresses are valid and functioning by submitting "an affidavit detailing its efforts to effect service and explaining that it never received a failed delivery notification for the emails." (*See id.*) The affidavit of Legal Assistant Lori Miller indicates that the June 15, 2023, email providing the Plaintiffs' motion to compel to merkmia@aol.com produced "no bounce back, no automatic response, no response indicating that the email address was no longer in service or redirecting me to contact another person, no failed delivery notification, nor any other response to the email that would suggest that the email was not delivered." (ECF No. 19-5 ¶ 3; 19-5-A.) Miller also attests that the June 30, 2023, email to merkmia@aol.com providing the Court's order on the motion to compel and the Fact Information Sheet similarly produced no bounce back or other error. (*Id.* ¶ 6; ECF No. 19-5-D.) On August 24, 2023, Miller emailed merkmia@aol.com the Plaintiffs' motion for contempt, and she states she received no error response. (*Id.* ¶ 9, 19-5-G.)

Additionally, Miller's affidavit indicates that she emailed the Plaintiffs' motion for contempt to torsten@best-lock.com on November 17, 2023, and received no bounce back or other error response. (*Id.* ¶ 12, 19-5-K.) However, she states that when she sent additional documentation to that same email address on December 15, 2023, she received a response indicating "this user is no longer active." (*Id.* ¶ 13.)

To support notice to Merkin and Geller, Plaintiffs cite Florida service statutes for dissolved corporations. (ECF No. 19) Although the Florida service statutes are not directly on point, they support the Plaintiffs' contention that notice may be provided to a dissolved corporation's registered agent on behalf of the dissolved corporation. (*Id.*) (citing Fla. Stat. § 48.101); *see also Angarita v. Hypertoyz, Inc.*, No. 23-CV-20695, 2023 WL 8593312, at *7 (S.D. Fla. Dec. 6, 2023) (Goodman, Mag. J.) (quoting Fla. Stat. § 607.1420(6)) ("The administrative dissolution of a corporation does not terminate the authority of its registered agent for service of process.").

Viewing the Plaintiffs' evidence in totality, the Court finds the Plaintiffs have shown by clear and convincing evidence that Best-Lock received notice of the Court's orders and had the ability to comply with them. Merkin is listed as Best-Lock's registered agent on the Florida Department of State website, Best-Lock's last annual report, and elsewhere online (ECF Nos. 19-1, 19-2, 19-4), the Plaintiffs emailed the Court's orders to Merkin at the email address listed for Merkin on his Florida Bar member profile (ECF No. 19-3), and Miller's

affidavit indicates that the email received no error response (ECF No. 19-5). Additionally, the Florida Department of State website and Best-Lock's last annual report list Torsten Geller as Best-Lock's Vice President. (ECF Nos. 19-1, 19-2.) Plaintiffs also sent Geller the Plaintiff's prior motion for contempt to a Best-Lock email account for Geller. (ECF No. 19-5 ¶ 12, 19-5-K.) Miller attests that her first email to Geller went through without error, but the account was later deactivated. (*Id.* ¶ 13.) Based on the foregoing, the Court holds that Best-Lock received notice of the Court's orders and was therefore able to comply, but did not do so. Therefore, it is hereby **ordered** and **adjudged** as follows:

1. Plaintiffs' motion for contempt against Best-Lock is **granted.** (ECF No. 19.)
2. Defendant Best-Lock Construction Toys, Inc. ("Best Lock") is to be held in contempt of Court for its failure to comply with the Court's orders directing it to complete the Form 1.977 Fact Information Sheet. (ECF Nos. 13, 16.)
3. Best-Lock must immediately complete the Fact Information Sheet under oath.
4. The Court finds the only way to ensure Best-Lock's compliance with this Court's orders directing Best-Lock to complete the Fact Information Sheet is to impose a find of $100 per day until Best-Lock complies with the Court's orders (ECF Nos. 13, 16). *See Tom James Co. v. Morgan*, 141 F. App'x 894, 899 (11th Cir. 2005) (noting district courts have "broad discretion in fashioning sanctions for civil contempt", including "to coerce the defendant into compliance with the court's order.").
5. Should the Plaintiffs wish to collect attorneys' fees in connection with their efforts to secure the Defendant's compliance with the Court's orders, they should provide proper support and justification for the fees they seek to collect. Because they have not done so, the Court **denies without prejudice** the Plaintiffs' **request for fees**.
6. The Plaintiffs must provide a copy of this order and the Fact Information Sheet to the Defendant. The Plaintiffs must do via certified mail, with return receipt requested, or via email with evidence that the email did not bounce back or yield an error message. The Plaintiffs must file a notice of compliance on CM/ECF by no later than **Friday May 31, 2024**.

**Done and ordered** in Miami, Florida, on May 21, 2024.

_____
Robert N. Scola, Jr.
United States District Judge